Maxx Phillips (HI Bar No. 10032)
CENTER FOR BIOLOGICAL DIVERSITY
1188 Bishop Street, Suite 2001
Honolulu, HI 96813
(808) 284-0007
mphillips@biologicaldiversity.org

Talia Nimmer (CA Bar No. 331002), *pro hac vice application forthcoming*
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Ste. 375
Oakland, CA 94612
(510) 844-7100
tnimmer@biologicaldiversity.org

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. FISH AND WILDLIFE SERVICE and DEPARTMENT OF THE AIR FORCE<br><br>*Defendants*. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.      The Center for Biological Diversity (the Center) brings this action to compel the U.S. Fish and Wildlife Service (FWS) and Department of the Air Force (DAF) to disclose records under the Freedom of Information Act, 5 U.S.C. § 552, as amended (FOIA). The records at issue include certain documents pertaining to the Rocket Cargo Test and Demonstration at Johnston Atoll. These records are subject to FOIA, and their relevance is time sensitive.

2.      Specifically, the requested documents are related to the proposed construction and operation of two landing pads at Johnston Atoll for up to ten reentry vehicle landings per year over four consecutive years to support the test, demonstration, and evaluation of capabilities under the DAF Rocket Cargo Vanguard program (Project). Given the likelihood of substantial environmental impacts stemming from the Project, including impacts to the island's many species of wildlife, the Center is deeply interested in, and affected by, how the Project is carried out because of the Center's longstanding efforts to protect the environment and the livability of our planet.

3.      Expected effects of the Project include but are not limited to the potential effects on essential fish habitat, migratory birds, and other protected species. The Johnston Atoll and the surrounding Pacific Islands Heritage Marine National Monument protect vital nesting habitat for seabirds, shallow coral reefs, and marine habitat. Roughly a million seabirds use the Johnston Atoll for feeding, nesting, and resting, and it is home to a variety of wildlife throughout the year. The bird species include red-tailed tropicbirds, red-footed boobies and great frigatebirds. Endangered species such as Green Sea Turtles and Hawaiian Monk Seals are also known to be present at times in the waters around Johnston Atoll and on land on the island.

4.      The thriving seabird presence at the Atoll is attributed in part to FWS's decade-long efforts to eradicate invasive Yellow Crazy Ants from the Johnston Atoll National Wildlife Refuge. Yellow Crazy Ants spray formic acid on birds, causing blindness, injury, and death. The Yellow Crazy Ant's presence at the Atoll effectively precluded all red-tailed tropicbird nesting in the 70-acre infestation area. However, utilizing the dedicated work of nearly 100 staff and volunteers divided in 20 separate strike team crews, collectively devoting over 130,000 field hours over a span of 10 years, FWS was able to successfully eradicate the Yellow Crazy Ant and restore the Atoll as a safe haven for its many seabirds.

5.      Given the Project's potential to cause environmental devastation to the Atoll's seabird and wildlife population, effectively undoing FWS's decade long efforts and significant money spent to restore ecological integrity of the island, the Center submitted its FOIA requests on April 7, 2025. Although determinations on these requests were due by May 19, 2025, the Center has not received a determination or any responsive records to date.

6.      Prompt access to these records is necessary to realize FOIA's purpose of transparency in government operations. FOIA establishes clear deadlines and requirements for FOIA responses, and FWS and DAF are in violation of these statutory duties. Therefore, through this Complaint, the Center seeks (1) declaratory relief establishing that FWS and DAF violated FOIA and (2) injunctive relief ordering FWS and DAF to make an immediate determination on the Center's FOIA requests and promptly release all requested records and information, including all reasonably segregable portions of any lawfully exempt records, by a date certain.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8. This Court has authority to grant the requested declaratory relief pursuant to 28 U.S.C. § 2201, and authority to grant the requested injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

9. Venue is proper in this Court because this case is brought under FOIA and, on information and belief, the requested records are located in this district. 5 U.S.C. § 552(a)(4)(B); 28 U.S.C. § 1391(e)(1).

**PARTIES**

10. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY (the Center) is a nonprofit organization with offices and staff throughout the United States. The Center works through science, law, and policy to maintain and increase protections for air and water; plants, animals, and their native habitats; a livable climate; public lands; and healthy communities. The Center has more than 93,900 active members throughout the United States and the world.

11. The Center is the requester of the information and records at issue. The organization and its members are harmed by FWS and DAF's failures to disclose the requested information and records that are responsive to the Center's FOIA requests. This violation of law precludes the Center from understanding important information about the Project's environmental impacts including impacts on air, water, climate, wildlife, and nature.

12. The information sought by these requests, and the Center's subsequent analyses of the information will help inform and prioritize ongoing campaigns at the Center, including helping the Center make critical choices about where to direct resources and develop alternate strategies. In specific, the Center has a longstanding interest and involvement in conservation of the Hawaiian Monk Seal and the Green Sea Turtle, two species that could be affected by the

proposed development on Johnston Atoll. The requested records and information will also be used to inform Congressional representatives and their staffs about threats to the environment.

13. The Center's interests and activities are adversely affected by FWS and DAF's failure to disclose the requested records. This injury will be redressed if the Court orders FWS and DAF to disclose the requested records.

14. Defendant U.S. FISH AND WILDLIFE SERVICE (FWS) is a bureau within the U.S. Department of the Interior whose primary responsibility is the conservation and management of fish, wildlife, plants and their habitats for the American people. FWS is in possession and control of the records the Center seeks in its FOIA request to FWS, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). FWS is the federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint for the FOIA request to FWS.

15. Defendant DEPARTMENT OF THE AIR FORCE (DAF) is a military department within the U.S. Department of Defense which supports all aspects of airpower. DAF is in possession and control of the records the Center seeks in its FOIA request to DAF, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). DAF is the federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint for the FOIA request to DAF.

## STATUTORY BACKGROUND

16. FOIA's primary purpose is to improve government transparency and accountability by requiring the disclosure of agency records and information. It establishes the public's right to access all federal agency records, 5 U.S.C. § 552(a), unless one or more narrow statutory exemptions apply, *id*. § 552(b).

17. FOIA imposes strict and rigorous deadlines for agencies to respond to FOIA requests. Specifically, within 20 business days of receiving a request, an agency must (1) determine if it will release the requested records and (2) notify the requester of (a) its determination and reasons for it, (b) the right to seek assistance from the FOIA Public Liaison, and (c) the right to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(A)(i).

18. FOIA provides only limited circumstances under which a federal agency may take longer than 20 business days to make a determination. First, the agency may toll the 20 business day deadline for up to ten additional business days while the agency is waiting for the information that it has reasonably requested from the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I). Second, the agency may also toll the 20 business day deadline for up to ten additional business days if it needs to clarify with the requester any issues regarding fee assessment. 5 U.S.C. § 552(a)(6)(A)(ii)(II). Additionally, if the agency faces "unusual circumstances," the agency may extend the 20 business day deadline if the agency sets "forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). No extension will exceed ten business days unless the agency provides written notice to the requester explaining the "unusual circumstances" requiring an extension, establishes the date on which the agency expects to make the determination, and gives the requester "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii). Under FOIA, "unusual circumstances" are defined as "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request[,]" or "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records

6

which are demanded in a single request," or "the need for consultations . . . with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

19. Unless an agency subject to FOIA properly establishes a different timeline for disclosing responsive records, according to the above provisions, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the 20-day deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

20. Agencies must make a reasonable effort to maintain and search for records so all responsive records can be identified and reproduced. 5 U.S.C. § 552(a)(3)(B)–(D).

21. In certain limited instances, an agency may withhold responsive records pursuant to nine specific statutory exemptions. 5 U.S.C. § 552(b). These exemptions are narrowly construed given FOIA's primary objective of disclosure of information, not secrecy.

22. An agency bears the burden of proof if it claims any exemption applies to withhold responsive documents. 5 U.S.C. §552(a)(4)(B). Even where records may be exempt from disclosure, FOIA expressly requires agencies to disclose reasonably segregable portions of those records. *Id*. § 552(b).

23. FOIA grants this Court jurisdiction "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

24. Johnston Island is an unincorporated territory of the United States within Johnston Atoll located in a broad ocean area. Johnston Atoll includes the Johnston Atoll National Wildlife Refuge and is within the Pacific Islands Heritage Marine National Monument, both of which protect vital nesting habitat for seabirds, shallow coral reefs, and marine habitat.

25. On March 3, 2025, DAF published a *Notice of Intent To Prepare an Environmental Assessment for Rocket Cargo Test and Demonstration at Johnston Atoll, United States*.

26. The Notice acknowledges that expected effects of the Project include, but are not limited to, the potential effects on essential fish habitat, migratory birds, and other protected species. The island has 14 species of tropical birds. Roughly a million seabirds use the Atoll for feeding, nesting, and resting, and it is home to a variety of wildlife throughout the year, up from just a few thousand in the 1980s. The bird species include red-tailed tropicbirds, red-footed boobies and great frigatebirds, which have eight-foot (2-1/2 meter) wingspans.

27. The thriving seabird presence at the Atoll is attributed in part to FWS's decade-long efforts to eradicate invasive Yellow Crazy Ants from the Johnston Atoll National Wildlife Refuge. Yellow Crazy Ants spray formic acid on birds, causing blindness, injury, and death. The Yellow Crazy Ant's presence at the Atoll effectively precluded all red-tailed tropicbird nesting in the 70-acre infestation area. However, utilizing the dedicated work of nearly 100 staff and volunteers divided in 20 separate strike team crews, collectively devoting over 130,000 field hours over a span of 10 years, FWS was able to successfully eradicate the Yellow Crazy Ant and restore the Atoll as a safe haven for its many seabirds.

28. Endangered species such as Green Sea Turtles and Hawaiian Monk Seals are also known to be present at times in the waters around Johnston Atoll and on land on the island. The Center has longstanding campaigns seeking protections for both of these species.

29. Given the Project's possible effects on species, effectively undoing FWS's decade long efforts and significant money spent on restoring ecological integrity of the island, the Center has substantial, demonstrated interests in FWS and DAF's oversight and involvement in the Project.

30. The Center sent FOIA requests to FWS and DAF on April 7, 2025, requesting records mentioning, including, and/or documenting the construction and operation of two landing pads at Johnston Atoll for up to ten reentry vehicle landings per year over four consecutive years to support the test, demonstration, and evaluation of capabilities under the U.S. DAF Rocket Cargo Vanguard program.

31. FWS acknowledged the Center's FOIA request by electronic mail on April 16, 2025, assigning it tracking number DOI- 2025-005571. FWS stated that it would "dispatch a determination to [the Center] by July 7, 2025" due to other preceding pending requests.

32. DAF acknowledged the Center's FOIA request by mail on April 17, 2025, assigning it tracking number 2025-04280-F ST5 and providing that "[w]e estimate we will provide a response to your request within 30 working days."

33. Pursuant to FOIA, FWS and DAF were required to make determinations on the Center's FOIA requests by May 19, 2025, within 30 business days of the April 7, 2025 requests. 5 U.S.C. § 552(a)(6)(A)(ii).

34. To date, the Center has received no responsive records.

35. More than 31 business days have passed without a determination or release of any records from FWS and DAF, in violation of FOIA. 5 U.S.C. § 552(a)(6)(A)(ii).

36. FWS and DAF's failure to make a timely determination and "promptly" provide all responsive records to the Center undermines FOIA's primary purpose of transparency and openness in government.

## FIRST CLAIM FOR RELIEF

**FWS and DAF Failed to Comply with FOIA's Mandatory Determination Deadline**

37. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

38. The Center properly requested records within the control of FWS and DAF through its April 7, 2025 requests.

39. The Center has a statutory right to a lawful final determination from FWS and DAF on the Center's April 7, 2025 FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

40. In order to make a lawful "determination," FWS and DAF must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse.

41. The deadline for FWS and DAF to provide a determination on the Center's requests has lapsed because more than 30 working days have passed since FWS and DAF received the Center's requests.

42. FWS and DAF's failure to provide a lawful determination on the Center's requests by FOIA's mandatory deadline violates the Center's right to a determination.

43. FWS and DAF have no lawful basis under FOIA for their delays and have provided no lawful basis to withhold a determination in response to the Center's request.

44. The Center's organizational activities will be adversely affected if FWS and DAF are allowed to continue violating FOIA's requirement to provide a determination.

45. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests FWS and DAF in the foreseeable future.

46. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS and DAF will continue to violate the Center's right to receive a determination in response to the Center's requests for records under FOIA.

## SECOND CLAIM FOR RELIEF
**FWS and DAF have Failed to Conduct an Adequate Search for Responsive Records**

47. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

48. The Center has a statutory right to have FWS and DAF process the Center's April 7, 2025 FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

49. FWS and DAF violated the Center's rights in this regard because FWS and DAF have unlawfully failed to conduct adequate searches reasonably calculated to locate all records responsive to the Center's FOIA requests. *Id*.

50. FWS and DAF have no lawful basis under FOIA for their failure to conduct adequate searches for records responsive to the Center's April 7, 2025 records requests.

51. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS and DAF will continue to violate the Center's rights under FOIA to an adequate search for records responsive to the Center's April 7, 2025 records requests.

## THIRD CLAIM FOR RELIEF

### FWS and DAF have Failed to Promptly Disclose all Responsive Records

52. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

53. The Center has a statutory right to the prompt disclosure of requested records. 5 U.S.C. § 552(a)(3)(A).

54. FWS and DAF have violated the Center's rights in this regard by withholding records that are responsive to the Center's April 7, 2025 FOIA requests.

55. FWS and DAF have provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records. *See id*. § 552(a)(8)(A), (b)(1)–(9).

56. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS and DAF will continue to violate the Center's right to promptly receive all records responsive to its FOIA requests.

## REQUEST FOR RELIEF

The Center respectfully requests this Court to grant the following relief:

(A) Declare that FWS and DAF violated FOIA by failing to provide a lawful determination within 30 workings days on the Center's April 7, 2025 FOIA requests, failing to conduct an adequate search for records responsive to the requests, and failing to promptly disclose all records responsive to the requests;

(B) Order FWS and DAF to immediately make a determination on the Center's April 7, 2025 FOIA requests;

  (C) Order FWS and DAF to search for any and all responsive records to the Center's April 7, 2025, FOIA requests, using search methods reasonably likely to lead to discovery of all responsive records with the cut-off date for such search being the date the search is conducted;

  (D) Order FWS and DAF to promptly produce, by a date certain, all nonexempt responsive records or segregable portions of the records and a *Vaughn* index of any responsive records or portions of responsive records withheld under a claim of exemption, at no cost to Plaintiff.

  (E) Enjoin FWS and DAF from continuing to withhold any nonexempt responsive records or segregable portions of the records;

  (F) Retain jurisdiction of this action to ensure the processing of the Center's FOIA requests and that no agency records or portions of the records are improperly withheld;

  (G) Award the Center its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

  (H) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted on May 28, 2025

/s/ *Maxx Phillips*
Maxx Phillips
CENTER FOR BIOLOGICAL DIVERSITY
1188 Bishop Street, Suite 2001
Honolulu, HI 96813
(808) 284-0007
mphillips@biologicaldiversity.org

Talia Nimmer
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Ste. 375
Oakland, CA 94612
(510) 844-7100
tnimmer@biologicaldiversity.org

*Application for admission pro hac vice forthcoming

*Attorneys for Plaintiff
Center for Biological Diversity*

14